1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    JUDY OXFORD, et al.,                         No. C 05-04946 SI

9              Plaintiffs,                        **ORDER DENYING MOTION TO**
                                                  **TRANSFER ACTION UNDER 28 U.S.C.**
10        v.                                      **§ 1407**

11   GENERAL ELECTRIC COMPANY, et al.,

12             Defendants.
     _____/
13

14        Defendant Todd Shipyards Corporation ("Todd") has filed a motion to transfer this action to the

15   Eastern District of Pennsylvania.  Todd contends that transfer is warranted because this action is a "tag

16   along action" to *In Re Asbestos Products Liability Litigation (No. VI)*, MDL-875.[1]

17        The Court agrees that this action appears to qualify as a "tag-along action," because it shares

18   "common questions of fact" with the previously consolidated asbestos cases.  *See In re Asbestos Prods.*

19   *Liability Litig. (No. VI)*, 771 F. Supp. 415 (Jud. Pan. Mult. Lit., July 29, 1991) (consolidating pending,

20   pretrial asbestos cases in the Eastern District of Pennsylvania); Judicial Panel on Multidistrict Litigation,

21   Proc. Rule 1.1 (defining "tag-along action").  28 U.S.C. § 1407, however, clearly states that "[s]uch

22   transfers shall be made by the judicial panel on multidistrict litigation."  28 U.S.C. § 1407(a).  Indeed,

23   the statue provides that proceedings for the transfer of an action may be initiated only by:

24        (i) the judicial panel on multidistrict litigation upon its own initiative, or

25        (ii) motion *filed with the panel* by a party in any action in which transfer for coordinated
          or consolidated pretrial proceedings under this section may be appropriate.
26

27        _____
          [1]Defendant General Electric has also filed with this Court a Notice of Tag Along Action,
28   contending that this action should be transferred to the Eastern District of Pennsylvania.  It is unclear
     whether this notice was filed with the Judicial Panel on Multidistrict Litigation.

**United States District Court**
For the Northern District of California

28 U.S.C. § 1407(c).

Thus, although it appears that this action qualifies as a "tag-along action" and should be consolidated with the other asbestos cases in the Eastern District of Pennsylvania, the Court must DENY Todd's motion to transfer (Docket No. 10).  The Judicial Panel on Multidistrict Litigation is the proper forum for Todd's motion.

**IT IS SO ORDERED.**

Dated: 1/24/06

_____
SUSAN ILLSTON
United States District Judge

United States District Court

For the Northern District of California

2